WREGG IMPORTS, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 82–07–00961

Before DiCARLO, *Judge.*

---

[7] Plaintiff's Memorandum, p. 5.

(Decided October 23, 1986)

*Stein Shostak Shostak & O'Hara (Joseph P. Cox)* for plaintiff.

*Richard K. Willard,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Civil Division, Department of Justice *(Judith M. Barzilay* and *Nancy E. Reich),* for defendant.

DiCARLO, *Judge:* Plaintiff challenges the United States Customs Service (Customs) classification of certain "matreshkas" as dolls under item 737.22 of the Tariff Schedules of the United States (TSUS). Plaintiff contends the merchandise is properly classifiable as articles of wood, not specially provided for, under item 207.00, TSUS. The Court concludes that the merchandise was correctly classified as a doll under item 737.22, TSUS.

Based upon the stipulations, exhibits and testimony at trial, the Court finds that matreshkas are wooden articles handcrafted and hand painted in various regions of the Union of Soviet Socialist Republics (U.S.S.R.). Each matreshka is comprised of wooden components, each "nested" inside of the next larger component. With the exception of the very smallest, each of the matreshka's components is hollow in construction.

Generally "bowling-pin" in shape, the matreshkas come in various sizes with between 3 and 18 separate nested components. The nested parts are not sold separately and are not interchangeable with components of another matreshka since each is individually crafted. Each component has a painted human face (including hair, eyebrows, eyelashes, eyes, nose, mouth and cheeks) and peasant-style clothing indicative of the region in the U.S.S.R. where crafted. Components also may have painted-on arms, hands and fingers.

Plaintiff first contends that the matreshkas are not dolls because they do not possess distinct human limbs and other body parts. After examination of the relevant caselaw in which particular articles were adjudged to be dolls or not dolls, the Court finds no requirement that a doll have distinct arms, legs and other human features. Often dolls do not have identifiable hands, fingers, toes, feet, ears and other human attributes, while some dolls only have these and similar features such as nose, mouth, and eyes painted-on. *See* trial transcript at p. 86; defendant's exhibit A–1.

The Court concludes that an article does not have to be anatomically correct to be classified as a doll under the TSUS when its overall effect is representative of a human. The matreshkas under consideration clearly represent humans. They depict Slavic peasants

with relatively realistic human faces and clothing typical of the region in which they are manufactured.

Plaintiff next suggests that the ruling in *American Customs Brokerage Co.* v. *United States,* 60 Cust. Ct. 23, C.D. 3246, 278 F. Supp. 316 (1968) establishes three criteria to be met before an imported article is to be viewed as a doll under the TSUS. The court in that case held that certain figures of Hawaiian hula girls, mounted by spring on a magnetic metal base, are dolls within the meaning of the TSUS because the record established "(i) that they are similar to dolls used as children's playthings; (ii) that they are used for ornamental purposes; and (iii) that they are known as 'dolls' in the wholesale and retail trade." *Id.* at 26, 278 F. Supp. at 319. Plaintiff argues that the subject merchandise does not satisfy the first criterion since a matreshka is an unamusing and non-communicative "static" object which does not "resemble" a child's plaything.

The court in *American Customs Brokerage* held that the merchandise before it was a doll based upon three independent factual findings. The court did not intend that its findings become criteria for determining in all cases whether an article is a doll. For example, an article could still be found to be a doll even though used for purposes other than ornamentation or in the absence of proof that it is known as a doll in the trade or industry.

As in *American Customs Brokerage* in any event, the Court after examining the exhibits finds that the merchandise does "resemble" a child's plaything. Even though no testimony at trial indicates that it is actually used as a child's toy, the Court accepts as established the rule that a doll also can be used for decorative, ornamental, or religious purposes. *See, e.g., Russ Berrie & Co., Inc.* v. *United States,* 76 Cust. Ct. 218, 223–24, C.D. 4659, 417 F. Supp. 1035, 1039–40, *appeal dismissed,* 63 CCPA 125 (1976) (and cases cited therein).

Defendant is correct in recognizing that the provision for dolls is an *eo nomine* one, as opposed to a use provision. *See Id.* at 223, 417 F.Supp. at 1039. Defendant leads us to believe that acknowledging dolls as an *eo nomine* provision resolves any controversy in the present case. An *eo nomine* provision is one which describes merchandise by a specific name, usually one well known in the trade, which includes all forms of the article as if each were provided for by name in the tariff provisions.

It begs the question, however, to argue that a matreshka is therefore a doll because doll within the meaning of the TSUS includes all forms of the article. The question to be answered by this Court is whether the matreshkas under consideration are to be identified as a doll within the meaning of the TSUS. The *eo nomine* aspect becomes helpful in providing a category for classification in the TSUS only after this determination.

In *United States* v. *Quon Quon Co.,* 46 CCPA 70, C.A.D. 699 (1959) the court held that the ultimate use of a product in the United States may be considered in order to determine an article's identity

in relation to an *eo nomine* provision. The *Quon Quon* Court reasoned that "[of] all things most likely to help in the determination of the identity of a manufactured article, beyond the appearance factors of size, shape, construction and the like, *use is of paramount importance." Id.* at 73 (emphasis added).

The Court finds that matreshkas are sold primarily as dolls and used by doll enthusiasts to enhance their collections. Defendant's exhibits C and D are representative samples of importers' advertisements describing matreshkas as dolls. Defendant's witness testified that she considered matreshkas to be dolls, basing this opinion upon her experience as a doll collector and upon several books and articles, including her own, which refer to them as such. She also testified she has purchased matreshkas from the doll sections of toy stores and has seen them on display at doll shows. Defendant's other witness, a Customs official responsible for the TSUS provision covering dolls, testified that he has seen matreshkas for sale in the doll section of the United Nations gift shop.

Plaintiff's witnesses offered opinion testimony that matreshkas are not dolls. Certain of plaintiff's witnesses further testified that they have seen them sold in sections of stores not dedicated to dolls and have themselves held them out as Russian folk art rather than dolls. Although some importers and store owners may not consider matreshkas to be dolls, the Court finds after weighing the evidence that matreshkas are predominately known and used (sold and collected) as dolls in the United States.

The Court concludes that plaintiff has failed to rebut the presumption in favor of defendant by demonstrating Customs classification to be incorrect. The Court affirms the classification of the merchandise as dolls under item 737.22, TSUS. Judgment will be entered accordingly.